UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAROLYN WENDY HERZ,<br><br>Plaintiff,<br><br>v.<br><br>EVAN GOODMAN,<br>MARC ROTHENBERG,<br>IAN STEWART,<br>THEODORE ROKITA as Attorney General for the State of Indiana,<br>INDIANAPOLIS HEBREW CONGREGATION, INC.,<br>LESLIE PAGE,<br>SHARON MURPHY,<br>AMY CASTANARES,<br>ERIK JOHNSON,<br>DAVID F. HAMILTON,<br><br>Defendants. | ) | No. 1:26-cv-00939-TWP-MG |

**ORDER TO SHOW CAUSE AND STAYING PROCEEDINGS**

This matter is before the Court on a Motion to Dismiss or to Stay Proceedings Due to Duplicative Pending Litigation (Dkt. 8), filed by Defendant Indianapolis Hebrew Congregation, Inc. ("IHC"), and the Court's *sua sponte* Order to Show Cause. Defendant ask the Court to stay this case pending the outcome of *Herz v. Hamilton*, et. al, which currently pending under cause no. 1:25-cv-1439-JRS-KMB, because restrictions have been imposed on Plaintiff's ability to file papers in federal courts, Defendants Motion is **denied a moot** and Plaintiff is given until June 12, 2026 to **show cause** why this action should not be dismissed, and any state law claims remanded.

## I. <u>FILING RESTRICTIONS</u>

This action was removed from the Marion Superior Court on May 8, 2026, where it had been filed under Cause No. 49D06-2604-CT-021062 on April 15, 2026. *See* Dkt. 1 (citing 28 U.S.C. §§ 1442, 1446 (civil actions brought against the United States, its officers, or agencies may be removed to the United States District Court)). In their Motion to Dismiss or to Stay Proceedings Due to Duplicative Pending Litigation, Defendant IHC asks this Court to dismiss or alternatively stay this action because "[o]n April 15, 2026, Plaintiff Carolyn Herz, a restricted filer, sued IHC and others in Marion Superior Court" on duplicative and frivolous claims. (Dkt. 8).

It appears that ICH is correct in that Plaintiff Carolyn Wendy Herz is the same person as Carolyn H. Srivastava, a restricted filer in this Circuit and in this Court. *See Herz v. Hamilton*, No. 4:17-CV-00090-JVB (N.D. Ind. Jan. 18, 2018) (citing *Herz v. Hamilton*, 2015 WL 1224516 *1 (S.D. Ind. Mar. 17, 2015)). Plaintiff is subject to sanctions that were imposed by the Seventh Circuit in an Order dated August 30, 2011. The Order specifies:

> [T]he clerks of all federal courts in this circuit shall return unfiled any papers submitted either directly or indirectly by or on behalf of Carolyn H. Srivastava unless and until she pays in full the sanction that has been imposed against her. See *In re: City of Chi.,* 500 F.3d 582, 585-86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). In accordance with our decision in *Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack*, 45 F.3d at 186-87. This order will be lifted immediately once Srivastava makes full payment. See *City of Chi.,* 500 F.3d at 585-86.

*Srivastava v. Zoeller*, No. 11-2817 (7th Cir. Aug. 30, 2011) (imposing filing restrictions on Plaintiff pending payment of $1,500 fine). This Court has also sanctioned Plaintiff, preventing her from filing. An amended injunction was issued in Cause No. 1:04-mc-104-SEB-DML on July 29, 2011, and was extended on May 22, 2014. *See In re: Srivastava*, 2011 U.S. Dist. LEXIS 84121 (S.D. Ind. July 29, 2011); *In re: Carolyn Wendy Herz f/k/a Carolyn Srivastava*, 1:04-mc-104 (S.D. Ind.

July 3, 2013) (enjoining Plaintiff from filing or continuing to litigate any claim in any court of any jurisdiction that targets the defendants in any of her prior cases or claims until eight months beyond certain reports are filed with the court). The Court's record does not reflect that Plaintiff has satisfied her obligations under either of these orders.

## II. OPPORTUNITY TO SHOW CAUSE AND OTHERWISE STAYING PROCEEDINGS

For the reasons explained above, until Plaintiff has satisfied her obligations both before the Seventh Circuit and before this Court, it is not possible for her to litigate the instant claims. Accordingly, **IT IS ORDERED** that Plaintiff has **through June 12, 2026,** to **SHOW CAUSE** why this action should not be dismissed, and any state law claims remanded, because restrictions have been imposed on her ability to file papers in federal courts. Accordingly, Defendants motion to dismiss or alternatively to stay proceedings, Dkt. [8] is **DENIED a moot**.

**IT IS FURTHER ORDERED** that, due to the various restriction orders, Plaintiff may mail a response to this Order only. She is prohibited from delivering any documents to the Clerk for filing and must not attempt to present materials or information to the Court in an indirect fashion, such as by sending a fax or an email to the Court or its personnel. To do so would be a violation of the orders of the Court of Appeals and of this Court.

Any and all proceedings in this matter are **STAYED** until the Court acts, either upon Plaintiff's response to this order, or upon Plaintiff's failure to respond if no response is made.

**SO ORDERED.**

Date: 5/13/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

CAROLYN WENDY HERZ, PH.D
3105 Lehigh Court
Indianapolis, IN 46268

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov